## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| IN RE: PORSCHE CARS NORTH AMERICA, INC. PLASTIC COOLANT TUBES PRODUCTS LIABILITY LITIGATION | Civil Action No.:  2:11-MD-2233 |
|  | Judge Gregory L. Frost |
|  | Magistrate Judge E. A. Preston Deavers |
| This document relates to: |  |
| ALL ACTIONS |  |

### SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Settlement Agreement") is entered

into on this 6th day of May, 2013, by and between Porsche Cars North America, Inc. ("PCNA")

and the Representative Class Plaintiffs, individually and as representatives of the proposed

Settlement Class, to settle and compromise, according to the terms and conditions herein, the

multidistrict litigation transferred to and presently pending in the United States District Court for

the Southern District of Ohio titled *In Re: Porsche Cars North America, Inc. Plastic Tubes

Product Liability Litigation*, No. 2:11-md-2233, and each of the individual actions comprising it

(the "Action").

### I.   DEFINITIONS

The following definitions apply to and are incorporated into this Settlement Agreement:

1.      "Approved Certified Pre-Owned Vehicle" (or "ACPO Vehicle") means pre-

owned Class Vehicles that were inspected by authorized Porsche dealerships and were purchased

through the Porsche Approved Certified Pre-Owned Program.

1

2.     "Claims Form" refers to the form attached as Exhibit A, which will submitted by

Settlement Class members to request benefits under this Settlement Agreement.

3.     "Class Counsel" means the following attorneys appointed by the Court on July

26, 2011 as Plaintiffs' Interim Lead Counsel and Plaintiffs' Executive Committee:

### *Plaintiffs' Interim Co-Lead Counsel*

Niall P. McCarthy
Justin T. Berger
Eric J. Buescher
**Cotchett, Pitre & McCarthy, LLP**
840 Malcolm Road, Suite 200
Burlingame, California  94010

Mark D. Landes
Gregory M. Travalio
Mark H. Troutman
Joanne S. Peters
**Isaac, Brant, Ledman & Teetor, LLP**
250 East Broad Street, 9th Floor
Columbus, Ohio  43215

Shennan Kavanagh
Gary E. Klein
**Klein Kavanagh Costello, LLP**
85 Merrimac Street
4th Floor
Boston, Massachusetts  02114

Adam J. Levitt
John Tangren
**Grant & Eisenhofer P.A.**
30 North LaSalle Street, Suite 1200
Chicago, Illinois  60602

### *Plaintiffs' Executive Committee*

Fletcher V. Trammell
**Bailey Perrin Bailey**
440 Louisiana Street, Suite 2100
Houston, Texas  77002

Joseph C. Kohn
William E. Hoese
**Kohn Swift & Graf, P.C.**
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania  19107

Daniel A. Schlanger
**Schlanger & Schlanger, LLP**
1025 Westchester Avenue
Suite 108
White Plains, New York  10604

4.      "Class Vehicle(s)" means model year 2003 to 2006 Porsche Cayenne vehicles with V8 engines (all types), manufactured between January 28, 2002 and December 5, 2006.

5.      "Collateral Damage" means any damage shown to have been sustained to any component of a Class Vehicle as a result of any instance of breaking, bursting, degradation, fracturing, leaking, or other problem with the Coolant Pipes.  Expressly excluded from this definition is collateral damage that results from a condition unrelated to the defect alleged by plaintiffs in the Action, which is described *infra* at Section II, ¶ 25, as well as damage to the Coolant Pipes that results from a condition unrelated to the defect alleged by plaintiffs in the Action.

6.      "Coolant Pipes" means the pipes in the Class Vehicles that transport coolant fluid to and from the engine, and which bear one of the following Porsche part numbers:

- 948.106.049.05 (original equipment (OE) lower coolant pipe)
- 948.106.049.06 (updated lower coolant pipe)
- 948.106.059.03 (OE heater coolant pipe)
- 948.106.059.04 (updated heated coolant pipe)

7.      "Coolant Pipe Repair" means (1) the replacement of a Class Vehicle's Coolant Pipes with a genuine Porsche aluminum replacement kit (coolant pipe part numbers 948.106.049.07 and/or 948.106.059.05) for reasons related to the defect, including, without limitation, instances in which the Coolant Pipe Repair was performed prophylactically, alleged by plaintiffs in the Action, which is described *infra* at Section II, ¶ 25, or (2) the replacement of a Class Vehicle's Coolant Pipes with non-genuine Porsche parts for reasons related to the defect alleged by plaintiffs in the Action, which is described *infra* at Section II, ¶ 25.

3

8.     The "Court," unless otherwise indicated, means the United States District Court for the Southern District of Ohio.

9.     "Effective Date of Settlement" means the date on which the appellate rights with respect to the Final Approval Order and Judgment in the Action have expired or been exhausted in such a manner as to affirm the Final Approval Order and Judgment.

10.     "Final Approval Order and Judgment" means the order and final judgment entered by the Court that approves the class settlement with finality in all respects, and dismisses with prejudice the claims of all Representative Class Plaintiffs and Settlement Class members who do not opt out as provided in Federal Rule of Civil Procedure 23(b)(3).

11.     "Notice" means the form attached as Exhibit B, which will be sent to potential Settlement Class members as described in ¶ 41 below to advise them of this class settlement and their rights thereunder.

12.     "Notice Plan" means the method of providing notice to the Settlement Class as approved by the Court in its Preliminary Approval Order.

13.     "Parties" means PCNA and the Representative Class Plaintiffs, individually and on behalf of the Settlement Class members, as each of those terms is defined in this Settlement Agreement.

14.     "PCNA" means Porsche Cars North America, Inc. and each of its past, present or future officers, directors, employees, agents, attorneys, administrators, representatives, shareholders, stockholders, insurers, experts, consultants, investigators, successors, assignees, members, divisions, predecessors, and all other persons and entities acting on its behalf,

4

regardless of whether such individuals or entities are parties to the Action or specifically identified in this Settlement Agreement. PCNA does not include Dr. Ing. h.c. F. Porsche AG ("Porsche AG") or other parent company of PCNA.

15. "Preliminary Approval Motion" means a motion to be filed by Class Counsel requesting that the Court enter a Preliminary Approval Order granting preliminary approval of this settlement and Notice Plan.

16. "Preliminary Approval Order" means an order entered by the Court substantially in the form of the order attached as Exhibit C.

17. "Released Claims" refers to any and all claims, including demands, rights, liabilities, and causes of action, of every nature and description, that were asserted or could have been asserted in the Action, which relate to and arise from an alleged defect in the Coolant Pipes of the Class Vehicles, excluding any claims for personal injury.

18. "Released Parties" means PCNA and its direct and indirect parents, subsidiaries, affiliates, officers, directors, agents, authorized Porsche dealers, attorneys, and all other persons or entities acting on their behalf, suppliers, licensors, licensees, distributors, assemblers, partners, component part designers, manufacturers, holding companies, joint venturers, partners, and any individuals or entities involved in the chain of design, development, testing, manufacture, sale, assembly, distribution, marketing, advertising, financing, warranty, repair, and maintenance of the Class Vehicles and their component parts.

19. "Representative Class Plaintiffs" are Scott Florez, Ghassan Daher, David Graas, Sean Krider, Nicholas Spagnoletti, Dane McIntosh, Joseph Dudley, Bob Conrad, Sy Duc Tran, Sven Wust, Kevin Starkey, Gregory Cadman, Ecliff Jackman, Deana Crawford, Jamie

Hoffecker, Richard Gorospe, Lance Bredefeld, Randall Stuewe, Daniel Delgado, and Anthony Gardner.

20.     "Settlement Administrator" refers to Garden City Group, Inc., subject to Court approval.

21.     "Settlement Class" means all persons in the United States who currently own or lease, or who previously owned or leased, a Class Vehicle. Excluded from the Settlement Class are the following: (a) officers and directors of PCNA (as that term is defined above); (b) the judge to whom this Action is assigned and any member of that judge's immediate family; (c) persons with personal injury claims; and (d) persons who have submitted a timely and valid request for exclusion from the Settlement Class.

## II.     RECITALS

22.     PCNA is a corporation organized under the laws of the State of Delaware and is engaged in the business of, among other things, distributing Porsche-branded vehicles in the United States. PCNA distributed Class Vehicles to authorized dealers, which in turn sold them to consumers in the United States.

23.     According to PCNA, 41,968 Class Vehicles were sold in the United States.

24.     The Class Vehicles were distributed by PCNA with a New Car Limited Warranty that covered defects in materials and workmanship for a period of 50,000 miles or four years, whichever occurred first, subject to other limitations. Some Class Vehicles were later sold as ACPO Vehicles by an authorized dealer, and were covered by an ACPO limited warranty. If the consumer purchased the APCO Vehicle while the New Car Limited Warranty was still in effect, the ACPO limited warranty extended the warranty coverage to six years from the original in-

6

service date, or 100,000 miles, whichever occurred first. If the consumer purchased the APCO
Vehicle after the New Car Limited Warranty had expired, the ACPO limited warranty covered
the vehicle for an additional two years, an additional 50,000 miles, or up to 100,000 total vehicle
miles, whichever occurred first.

25.     In their Master Consolidated Amended Class Action Complaint, plaintiffs allege
that PCNA and Porsche AG manufactured the Class Vehicles with defective plastic Coolant
Pipes, which have or will prematurely degrade and fracture. Plaintiffs claim that this defect can
cause damage to components of the Class Vehicles' engines. Plaintiffs further allege that PCNA
and Porsche AG knew of this defect and failed to disclose it to consumers. Based on this alleged
conduct, and following the Court's adjudication of PCNA's motion to dismiss, plaintiffs'
remaining claims sound under the Magnuson–Moss Warranty Act (15 U.S.C. § 2301, *et seq.*),
and several states' statutory and common laws for PCNA's and Porsche AG's breaches of
implied warranty, negligence, and unfair and deceptive acts and practices.

26.     PCNA denies the material factual allegations and legal claims asserted in the
Action by the Representative Class Plaintiffs. The Representative Class Plaintiffs disagree and
stand by their claims and allegations. PCNA does not believe the claims asserted in the Action
are meritorious, but wishes to provide support to PCNA's customers through the benefits
described in this Settlement Agreement and desires to avoid the uncertainty and expense of
further litigation.

27.     The Parties desire to compromise and settle all issues and claims that have been
brought or could have been brought against PCNA and others in the Action.

28.     This Settlement Agreement was entered into after extensive arm's length discussions and negotiations between counsel.  These negotiations included three full-days of mediation sessions with Thomas B. Rutter, a founding shareholder and Chief Executive Officer of ADR Options, Inc., during which agreement was reached on core settlement terms.

29.     Counsel for PCNA and Class Counsel agree that the terms of this Settlement Agreement provide a fair, adequate, and reasonable resolution of the Action.

30.     The Parties will request that the Court approve a nationwide class settlement of the Action, consistent with the terms herein.  If the Court approves the nationwide class settlement, the Parties will request entry of a Final Approval Order and Judgment that dismisses the claims of all plaintiffs in the Action with prejudice.

31.     Considering the pertinent facts and applicable law, and the substantial benefits that will inure to Settlement Class members, the Representative Class Plaintiffs and Class Counsel have concluded that it is in the best interests of the Representative Class Plaintiffs and Settlement Class members to enter into this agreement to avoid the uncertainties of litigation. The Representative Class Plaintiffs and Class Counsel consider this agreement to be fair, reasonable, adequate, and in the best interests of the Settlement Class members.

32.     PCNA and the Representative Class Plaintiffs acknowledge they have been represented and advised by independent legal counsel throughout the negotiations leading to this Settlement Agreement.  They have voluntarily executed this Settlement Agreement on the advice of counsel.

33.     The Parties agree to cooperate fully, to execute the formal Settlement Agreement and any and all documents reasonably necessary to effectuate the settlement terms, and to take

all reasonable actions that are necessary to obtain judicial approval of this Settlement Agreement and give this Settlement Agreement full force and effect.

34.    In consideration of the promises and mutual covenants set forth in this Settlement Agreement and the foregoing Recitals, the Parties agree that, upon entry of a Final Approval Order and Judgment, that this Action shall be settled and compromised under the terms and conditions contained herein.

## III.    SUBMISSION OF SETTLEMENT TO THE COURT

35.    Class Counsel shall present this Settlement Agreement to the Court as soon as practicable through a Preliminary Approval Motion that shall request entry of a Preliminary Approval Order that:

        (a)    preliminarily approves the settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class;

        (b)    certifies, for settlement purposes only, the Settlement Class as defined in this Settlement Agreement, pending final approval of the class settlement;

        (c)    approves the Notice and the Notice Plan;

        (d)    sets a date by which Notice must be sent;

        (e)    approves a Settlement Administrator;

        (f)    schedules deadlines for the submission of Claims Forms, requests for exclusion, and objections; and

        (g)    schedules a final approval hearing after the Notice period has expired so that the Court can consider any objections to the settlement, approve the class settlement, and consider Class Counsel's applications for attorneys' fees and expenses and incentive awards.

36.    Class Counsel and counsel for PCNA will request that the Court schedule a hearing to obtain final approval of the class settlement as soon as reasonably possible and consistent with the approved Notice Plan.

37. After the Court provides its final approval of the class settlement, the Parties will request entry of a Final Approval Order and Judgment. Among other things, the Final Approval Order and Judgment presented to the Court shall:

    (a)    provide final Court approval of the terms of the Settlement Agreement as fair, adequate, and reasonable;

    (b)    provide for the orderly performance and enforcement of the terms and conditions of the Settlement Agreement;

    (c)    dismiss the Action with prejudice;

    (d)    discharge the Released Parties from all further liability to Settlement Class members with respect to the Released Claims;

    (e)    provide a permanent bar that enjoins each of the Settlement Class members and any of their predecessors, successors, representatives, parent companies, subsidiaries, affiliates, heirs, executors, administrators, attorneys, successors, and assignees from instituting, filing, commencing, prosecuting, maintaining, or continuing to prosecute—directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of them, or in any other capacity of any kind whatsoever—any action in any state or federal court or in any other tribunal, forum, or proceeding of any kind that asserts any of the Released Claims against the Released Parties;

    (f)    confirm that the Settlement Class was certified for settlement purposes only;

    (g)    find that the form and manner of disseminating class Notice as set forth in this Settlement Agreement and ordered by the Court was accomplished as directed, constituted the best practicable notice under the circumstances, met or exceeded the requirements of due process, and constituted due and sufficient notice to all members of the Settlement Class; and

    (h)    find that the Representative Class Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class members at all times in the Action.

38. Plaintiffs shall prepare all preliminary approval and final approval papers and PCNA shall be permitted, but is not required, to file responsive papers.

39.     PCNA shall provide notice to state and federal officials of the proposed class settlement as required by the Class Action Fairness Act (28 U.S.C. § 1715) within 10 days after Class Counsel files a Preliminary Approval Motion.

40.     If the Preliminary Approval Order or the Final Approval Order and Judgment is not obtained from the Court in a form contemplated by this Settlement Agreement, or the Final Order and Judgment is reversed or materially modified on appeal, this Settlement Agreement shall be null and void *ab initio* upon election of either of the Parties and have no further force and effect with respect to any of the Parties in the Action.

## IV.    NOTICE AND OPPORTUNITY FOR EXCLUSION

41.     Through the Settlement Administrator, PCNA will provide Notice to all members of the Settlement Class as follows:

(a)     Using information provided by PCNA, as well as information it has collected on its own, Experian will compile and send to the Settlement Administrator a mailing list of potential Settlement Class members consisting of all identifiable current and prior owners and lessees of Class Vehicles in the United States at their last known address. The available addresses of the potential Settlement Class members provided by Experian shall be compared against a national database (such as the NCOA database maintained by the postal service) for accuracy by the Settlement Administrator and updated if appropriate. The Parties agree to cooperate to facilitate the identification of owners and lessees by Experian. Because some states require a court order before vehicle owner and lessee information can be released, the identity of all potential Settlement Class members may not be available until after preliminary approval of the class settlement. Nevertheless, best efforts will be made to ascertain this information no later than 30 days before Notice is required to be sent.

(b)     After receiving the final mailing list from Experian, the Settlement Administrator shall send the Notice and Claims Form to potential Settlement Class members by First Class U.S. Mail, postage paid. The Settlement Administrator shall complete the mailing within 30 days of receiving the final mailing list. Any Notice returned undelivered by the U.S. Postal Service shall be evaluated by the Settlement Administrator

11

using its normal database follow up procedures, and the Notice shall be re-mailed if a more current address can be identified. PCNA shall have no further obligation to locate potential Settlement Class members or to mail additional copies of the Notice.

(c) A copy of the Notice and the Claims Form shall be made available on the Internet on a website to be established and maintained by the Settlement Administrator, along with other documents filed with the Court, and Frequently Asked Questions ("FAQs") about the Class Settlement. The content of the website will be mutually agreed upon by the Parties. This website shall remain active and accessible through final approval of the settlement.

(d) The Settlement Administrator will establish a toll-free telephone number that will be included in the Notice. The toll-free telephone number will provide pre-recorded information, agreed to by the Parties, that: (1) provides the status of the class settlement and its terms; (2) refers callers to the Settlement Administrator's website for further information; and (3) provides callers with the address, phone number and e-mail address of Class Counsel who may be contacted for additional information. The Settlement Administrator's obligation to maintain the toll-free telephone number will continue after final approval by the Court, so that Settlement Class members are notified of their post-Notice repair rights. The Notice and other class action information shall not be distributed by the Parties via media or any other form of advertising.

(e) Class counsel will receive an electronic copy of the compiled Class list no later than twenty-one (21) days prior to the date by which mailing must be made. Class counsel will have the right to supplement or correct the compiled list of Settlement Class members and the parties will meet and confer in good faith with the participation of the Settlement Administrator if there are differences between them about the final compiled Class list. Class counsel may instruct the Settlement Administrator to send the Notice by email to any Settlement Class Members who have contacted them and have provided an email address.

42. In addition to notifying potential Settlement Class members, PCNA will also notify authorized Porsche dealers of this settlement and provide them with sufficient information to enable the dealerships to effectively respond to Settlement Class member requests for repair, reimbursement, or other support.

12

43.     Anyone who wishes to be excluded from the Settlement Class must submit a written request for exclusion by First Class U.S. Mail, postage paid, to the United States Post Office Box established and maintained by the Settlement Administrator for the purposes of this class settlement. Any request for exclusion from the Class Settlement must be postmarked on or before the deadline set by the Court and specified in the Notice, which shall be no less than 60 days after the initial mailing of the Notice. Anyone submitting a request for exclusion must: (a) set forth his/her full name and current address; (b) identify the model year and model of his/her Class Vehicle(s) and the approximate date(s) of purchase or lease; (c) state whether the Settlement Class member requesting exclusion still owns or leases the Class Vehicle; and (d) specifically state his/her desire to be excluded from the Settlement Class. Any current owner or lessee of a Class Vehicle who submits a request for exclusion must also provide the vehicle identification number (VIN) of the Class Vehicle.

44.     Anyone who falls within the Settlement Class definition and does not submit a request for exclusion in complete accordance with the deadlines and other specifications set forth in the Notice shall become a Settlement Class member and be bound by all proceedings, orders, and judgments of the Court pertaining to the Settlement Class pursuant to this Settlement Agreement, absent a court order to the contrary obtained by the Settlement Class member at his or her own expense.

45.     PCNA shall pay all costs reasonably incurred by the Settlement Administrator to provide the services specified in this Settlement Agreement. Neither Class Counsel nor Settlement Class members shall be responsible for any costs of the Settlement Administrator.

13

46.    The Settlement Administrator shall provide copies to Class Counsel and counsel for PCNA of all requests for exclusion and all written communications relating to the class settlement the Settlement Administrator receives from Settlement Class members or others that were not served on the Parties.  To the extent Class Counsel or counsel for PCNA receive requests for exclusions that have not been transmitted to the Settlement Administrator, they shall transmit those communications to the Settlement Administrator, who shall provide other Parties with a copy of those communications.

## V.    SETTLEMENT CLASS MEMBER BENEFITS & RELEASE

47.    In consideration for the release of claims by the Representative Class Plaintiffs and Settlement Class members, and the dismissal with prejudice of the Action, PCNA agrees, subject to the one-year claim submission deadline and other applicable provisions of this Settlement Agreement, to compensate the Settlement Class members according to the terms set forth below.

    (a)    PCNA will compensate Settlement Class members who purchased or leased new or ACPO Class Vehicles from an authorized dealer as follows:

        (1)    If, before receiving Notice of this settlement, the Settlement Class member had already paid for a repair of the vehicle's Coolant Pipes, PCNA will reimburse the Settlement Class member in the amount determined by the chart set forth in subsection (3) below.

        (2)    If, after receiving Notice, a Settlement Class member, whose Class Vehicle is still equipped with Coolant Pipes, requests a repair pursuant to the terms of this Settlement Agreement, PCNA will pay the cost of a Coolant Pipe Repair at an authorized Porsche dealership in the amount determined by the chart set forth in subsection (3) below.

        (3)    The amount of reimbursement or payment for a Coolant Pipe Repair will be determined by mileage, without regard to the amount of time the Class Vehicle was first placed into service, according to the following chart:

14

| Mileage at Time of Repair/Replacement | % of Actual Invoice Up to Cap | Cap Past Repairs Reimbursement | Cap Future Repairs Payment |
|---|---|---|---|
| 0-60,000 | 100% | $1,800 | $1,500 |
| 60,001-70,000 | 80% | $1,440 | $1,200 |
| 70,001-80,000 | 60% | $1,080 | $900 |
| 80,001-90,000 | 50% | $900 | $750 |
| 90,001-120,000 | 30% | $540 | $450 |
| >120,000 | 5% | $100 | $100 |

    (b)    PCNA will compensate Settlement Class members who purchased or leased used Class Vehicles that did not come with an ACPO warranty as follows:

        (1)    Subject to subsection (3) below, if, before receiving Notice of this settlement, the Settlement Class member had already paid for a repair of the vehicle's Coolant Pipes, PCNA will reimburse the Settlement Class member with 25% of the invoice price paid for the Coolant Pipe Repair, but which reimbursement shall not exceed $450.

        (2)    Subject to subsection (3) below, if, after receiving Notice, the Settlement Class member's Class Vehicle is still equipped with original equipment Coolant Pipes, and the Settlement Class member requests a repair pursuant to the terms of this Settlement Agreement, PCNA will pay $375 towards a Coolant Pipe Repair at an authorized Porsche dealership.

        (3)    In order to qualify for the benefit set forth in subsection (b)(1) and (2) above, any Coolant Pipe Repair must have occurred before the vehicle's mileage exceeds 120,000 miles.

    (c)    If a Settlement Class member qualifies for the benefits provided for in ¶ 47(a) or (b), PCNA will also reimburse or pay for up to $500 for Collateral Damage, if any, subject to an adequate showing of proof that the damage was related to a problem with the Class Vehicle's Coolant Pipes.

    (d)    Settlement Class members who otherwise qualify for benefits under this paragraph shall only be entitled to such benefits to the extent that the Settlement Class members have paid, or will pay out of pocket for the repairs. Settlement Class members will not receive benefits if the repairs were or would be paid or reimbursed by any other source including, but not limited to, a PCNA New Car Limited Warranty, a PCNA ACPO limited warranty, a third party warranty, extended warranty insurance, dealer discounts or goodwill, or any other third-party source. However, if

15

the other source of benefits provided, or will provide, a Settlement Class member with less benefits than that which PCNA has agreed to provide under this Settlement Agreement, PCNA shall provide that person with benefits representing the difference between the Settlement class member's benefit under this Settlement Agreement and the lesser benefit provided by the other source.

(e) The obligation of PCNA to provide any compensation, reimbursement or benefit to a Settlement Class member under the schedule set forth in paragraph 47(a) is limited to one Coolant Pipe Repair per vehicle. If, at the Effective Date of Settlement, a Settlement Class Member has already replaced original equipment Coolant Pipes with aftermarket (i.e., non-Porsche) devices, PCNA will, at the election of the Settlement Class Member, either reimburse the Settlement Class Member according to the schedule in paragraph 47(a) for that repair or pay according to the schedule in paragraph 47(a) for removal of the aftermarket devices and replacement with genuine Porsche repair parts.

48.      In order to receive the benefits set forth in ¶ 47, Settlement Class members must submit a Claims Form, in accordance with ¶¶ 51-55 (below), within one year of the Effective Date of Settlement or mailing of the Notice, whichever is later. This applies both to those Settlement Class members who seek reimbursement for past expenses, as well as those who will seek full or partial payment for future repairs.

49.      PCNA is in no way liable for any taxes Class Counsel, the Representative Class Plaintiffs, Settlement Class members, or others may be required to pay as a result of the receipt of any benefits under this settlement.

50.      Upon the Effective Date of Settlement, the Representative Class Plaintiffs and Settlement Class members will each forever release, discharge, waive, and covenant not to sue the Released Parties regarding any of the Released Claims. This release includes all such claims that the Representative Class Plaintiffs and Settlement Class members do not know of or suspect to exist in their favor at the time of this release and that, if known by them, might have affected their settlement and release of the Released Parties, or might have affected their decision not to

16

object to this agreement. The foregoing waiver includes without limitation an express waiver, to the fullest extent permitted by law, of any and all rights conferred by section 1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

The foregoing waiver also includes without limitation an express waiver, to the fullest extent permitted by law, of any and all rights under any law of any state or territory of the United States, including the District of Columbia, and any federal law or principle of common law or equity, or of international foreign law, that is comparable to section 1542 of the *California Civil Code*. The Representative Class Plaintiffs and Settlement Class members recognize that even if they later discover facts in addition to or different from those they know or believe to be true, they nevertheless agree that upon entry of the Final Approval Order and Judgment, the Representative Class Plaintiffs and Settlement Class members fully, finally, and forever settle and release any and all of the Released Claims. The foregoing waiver and release was bargained for and is a material element of this Settlement Agreement.

50a.    The Released Parties and their counsel release the Representative Class Plaintiffs and Class Counsel from any and all claims including, without limitation, demands, rights, liabilities, counterclaims and causes of action, of every nature and description, that were asserted or could have been asserted in connection with this litigation or settlement of this litigation.

## VI.    CLAIMS ADMINISTRATION

51.    All claims must be submitted (i.e., transmitted or postmarked) within one year of the Effective Date of Settlement or the mailing of the Notice, whichever is later. This applies both to those Settlement Class members who seek reimbursement for past expenses, as well as

those who will seek full or partial payment for future repairs. Class members who fail to submit valid claims within the one-year time period cannot obtain reimbursement or payment for repairs, and will be bound by the provisions and releases of this Settlement Agreement and the Final Approval Order and Judgment.

52.    Upon a claim being approved by the Settlement Administrator, PCNA will reimburse Settlement Class members who, before receiving Notice, paid to repair or replace the original equipment Coolant Pipes and Collateral Damage, if any, in their Class Vehicle(s). The claim process for such reimbursements is as follows:

(a)    Settlement Class members must send to the Settlement Administrator the following documents by U.S. Mail, email, facsimile, or Federal Express or another reputable courier service:

(1)    a completed Claims Form;

(2)    a clear and legible copy of the repair orders and/or other service documents that identify the make, model, and year of the vehicle, provide the vehicle identification number (VIN), provide the odometer reading at the time of the repair, and sufficiently establish that a Coolant Pipe Repair occurred;

(3)    proof that the Settlement Class member owned or leased the Class Vehicle at the time of the repair, and for an ACPO claimant, proof of purchase of the Class Vehicle with an ACPO warranty;

(4)    receipts, invoices and other records of expenses paid out of pocket for the Coolant Pipe Repair and repair of Collateral Damage, if any; and

(5)    current contact information for the Settlement Class member including full name, current address, telephone number, and email address (if available).

(6)    To the extent that documents sufficient to satisfy the requirements of section (2), (3), and/or (4) are unavailable, the Settlement Class member may submit a legally sufficient affidavit attesting to the required information. Such affidavit will explain the

18

circumstances that prevent the Settlement Class member from submitting the required documents.

(7) Upon receipt of a Claims Form supported by affidavit, the Settlement Administrator will notify PCNA and Class Counsel. Within seven days after receiving notice, PCNA will notify the Settlement Administrator to either accept the affidavit and authorize payment of the claim or request that the Settlement Class member provide additional information. If PCNA finds the additional information sufficient, the claim will be paid according to the applicable schedule in this Agreement. If PCNA finds the additional information insufficient, the Settlement Class member and Class Counsel will be notified by the Settlement Administrator that PCNA has denied the claim. The Settlement Class member may then appeal PCNA's denial through the process described in ¶ 55 *infra.*

(b) If a timely and approved Claims form is received prior to the Effective Date, it will be paid no later than 30 days after the Effective Date. If a timely and approved Claims form is received after the Effective Date, it will be paid within 60 days after receipt of the Claims Form.

(c) In the event a Settlement Class member fails to cash the reimbursement check within 181 days of the date of the check and/or the check is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall take additional reasonable steps to determine the Settlement Class member's new or correct address and reissue a replacement check to the Settlement Class member to the extent possible. If no new or correct address is determined, Class Counsel should be advised and may provide updated contact information to the Settlement Administrator. If checks remain uncashed within 91 days of delivery or undeliverable after due diligence, such checks shall be directed upon court approval to a *cy pres* recipient to be determined upon future agreement of the parties.

53. If, after receiving Notice, a Settlement Class member desires a Coolant Pipe

Repair or repair of Collateral Damage, the claim process is as follows:

(a) The Settlement Class member shall contact PCNA through the toll-free telephone number and by the deadline provided for in the Notice. If the Class Vehicle is not already at an authorized Porsche dealership, PCNA will direct the customer to deliver the vehicle to an authorized dealership for inspection and review by PCNA and/or the Porsche authorized dealership.

19

    (b)    At the time the vehicle is delivered to an authorized Porsche dealership or as soon thereafter as possible, the Settlement Class member shall submit a Claims Form to PCNA or, at PCNA's direction, the authorized Porsche dealership. Once the Claims Form is provided, PCNA will advise the Settlement Administrator to open the Settlement Class member's claim. Copies of all Claims Forms will be sent promptly to Class Counsel.

    (c)    Within 30 days of delivery of the Claims Form, PCNA will determine if the Settlement Class member is entitled to have PCNA pay for all or a portion of the cost of the Coolant Pipe Repair and repair of Collateral Damage (if any), and will advise the class member, Class Counsel and the Settlement Administrator of that determination. If PCNA will be paying for all or a portion of a claim, it shall advise the Porsche authorized dealership of the portion to be paid by PCNA pursuant to the terms of this Settlement Agreement. The Settlement Class member shall be responsible to the authorized Porsche dealership for payment of his or her portion of the remaining share, if any.

54.    If, after receiving Notice, the Settlement Class member causes a Coolant Pipe Repair to occur before he or she undertakes all of the required steps described above at his or her own expense, the Settlement Class member must follow the claim process outlined in ¶ 52. But in such an instance, PCNA may in its sole discretion reject that claim, if, for any reason, it is unable to verify that the repairs were necessitated by the alleged defect, which is described *supra* at Section II, ¶ 25. If a claim is deficient based on review by the Settlement Administrator or PCNA, the Settlement Administrator will notify the Settlement Class member that the claim will be denied. Notice of any such denial shall also be provided to Class Counsel, and Class Counsel shall additionally receive all documentation concerning the claim and its denial. The Settlement Class member will be provided an opportunity to cure the claim within 30 days of the notice of denial to the Settlement Class member and Class Counsel.

55.    A Settlement Class member whose claim for payment or reimbursement is denied in whole or in part and who desires review of that decision may appeal by proceeding as follows:

20

(a)     The Settlement Class member may contact Class Counsel and advise them of the dispute.  Class Counsel will then contact PCNA's designated counsel:

> William F. Kiniry, Jr.
> DLA PIPER LLP (US)
> One Liberty Place
> 1650 Market Street, Suite 4900
> Philadelphia, Pennsylvania  19103

(b)     Class Counsel and PCNA will meet and confer regarding any denial of a claim within seven (7) days after Class Counsel receives the notice of denial and related documentation.

(c)     If no resolution occurs during that time period, Class Counsel or the class member may submit a written appeal to the Settlement Administrator and serve a copy on PCNA's designated counsel within seven (7) days after the meet and confer process is terminated.  PCNA will then have twenty (20) days from the date of mailing of the appeal claim to mail a written response to the Settlement Administrator.

(d)     The Settlement Administrator will receive and review the appeal claim and any response from PCNA and/or Class Counsel, confirm the requestor is a Settlement Class member, and decide the issue based on these submissions.  The Settlement Administrator's decision will be final and binding.

## VII.    OBJECTION PROCEDURE

56.    Any Settlement Class member who wishes to object to the Class Settlement must send a written objection ("Objection") to the Settlement Administrator by First Class U.S. Mail, postage paid, to the United States Post Office Box established and maintained by the Settlement Administrator for the purposes of this class settlement.  All objections must also be filed with the Court and served on Class Counsel and on counsel for PCNA at the addresses specified in ¶ 79. Any objection must be postmarked on or before the deadline specified in the Notice, which shall be 60 days after mailing of the Notice.  Only Settlement Class members may object to the Class Settlement.  A Settlement Class Member who submits a request for exclusion shall not be entitled to object to the settlement, and if both an exclusion and objection are submitted, the

objection shall be deemed to be invalid. The Settlement Administrator shall be responsible for forwarding all Objections to counsel for PCNA and Class Counsel. Class Counsel or PCNA shall serve and file any responses to any Objections no later than 14 days before the hearing on the Final Approval Order and Judgment ("Fairness Hearing").

57.     In the Objection, an objecting Settlement Class member must: (a) set forth his/her full name, current address, and telephone number; (b) identify the model year of his/her Class Vehicle(s), as well as the vehicle identification number (VIN) of his/her Class Vehicle(s); (c) state whether he/she is a current or prior owner or lessee; (d) state when he/she purchased or leased the Class Vehicle(s); (v) set forth a statement of the position the objector wishes to assert, including the factual and legal grounds for the position; and (vi) provide copies of all documents that the objector wishes to submit in support of his/her position.

58.     Any Settlement Class member who does not strictly comply with these objection procedures and those specified in the Notice shall not be permitted to object to the class settlement.

59.     Subject to approval of the Court, any objecting Settlement Class member may appear at the Fairness Hearing, in person or through counsel, to show cause why the proposed class settlement should not be approved as fair, adequate, and reasonable.

## VIII.   ATTORNEYS' FEES, COSTS, & SERVICE PAYMENTS

60.     Upon the Effective Date of Settlement, or upon the exhaustion of all appeals, if any, arising out of the award of attorneys' fees, costs and expenses  or the award of Representative Class Plaintiffs' service fees, whichever is later, PCNA agrees to pay, within 10 days, to the Representative Class Plaintiffs and Class Counsel the amount of the service

payments, attorneys' fees, costs and expenses as finally awarded by the Court, at the addresses provided by Class Counsel.

61.     Any fee awards and service payments payable hereunder and approved by the Court shall be in complete satisfaction of any and all claims for such attorneys' fees, service payments, and costs under state or federal law that the Representative Class Plaintiffs, Settlement Class members, or Class Counsel have or may have against PCNA and the Released Parties arising out of the Action or in connection with the negotiation and preparation of this Settlement Agreement.

62.     The parties shall not be responsible for attorneys' fees, costs, or expenses of any kind incurred by Settlement Class members who submit Objections to the Class Settlement or who exclude themselves from the Settlement Class.

## IX.     USE OF THIS AGREEMENT

63.     This Settlement Agreement is a compromise and settlement of disputed claims and neither this Settlement Agreement nor any action taken pursuant to it shall constitute, or be construed as:

    (a)     an admission of the validity of any claim or any factual allegation that was or could have been made by the Representative Class Plaintiffs and Settlement Class members in the Action, or of any wrongdoing or fault, violation of law, or liability of any kind on the part of any of the Released Parties; or

    (b)     an admission by any of the Released Parties that any requirement for class certification is satisfied in the Action or any other litigation.

64.     This Settlement Agreement shall not be offered or admitted into evidence by or against the Released Parties, or cited or referred to in any action or proceeding, except: (a) in any action or proceeding brought by or against the Parties to enforce or otherwise implement the

terms of this Settlement Agreement; or (b) in any action to support a defense of issue preclusion, claim preclusion, release, estoppels, or similar defense in law or equity.

65.     If the Settlement Agreement is terminated, any order certifying the Settlement Class shall be vacated, and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to the Parties' rights to either request or oppose class certification.  The settlement of the Action shall have no precedential value in this or any future litigation with regard to the certification of any proposed class.

## X.     BINDING EFFECT

66.     Upon the Effective Date of Settlement, this Settlement Agreement shall be binding upon and inure to the benefit of the Parties, the Released Parties, and their representatives, heirs, successors, and assignees.

67.     This Settlement Agreement and its attachments shall constitute the entire agreement of the Parties.  This Settlement Agreement supersedes and replaces all prior negotiations and proposed agreements, written or oral.

68.     All of the attached exhibits are incorporated into this Settlement Agreement by reference.

## XI.    EXECUTION AND MODIFICATION

69.     This Settlement Agreement may be executed in counterparts by the Parties, and a facsimile or emailed scanned signature shall be deemed an original signature for purposes of this Settlement Agreement.

24

70.     The Settlement Agreement shall not be subject to any change, modification, amendment, or addition, nor can any provisions be waived, without the express written consent of Class Counsel and counsel for PCNA.

71.     In the event any one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if PCNA and Class Counsel, on behalf of the Representative Class Plaintiffs and Settlement Class members, mutually elect to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Settlement Agreement.

## XII.  TERMINATION

72.     This Settlement Agreement is contingent upon Court approval.  If the Preliminary Approval Order or the Final Approval Order and Judgment is not obtained from the Court in a form contemplated by this Settlement Agreement and its proposed orders, or the Final Order and Judgment is reversed or modified on appeal, and either the Representative Class Plaintiffs or PCNA so elect, this Settlement Agreement shall be null and void and have no further force and effect with respect to any of the Parties in the Action.  If the number of Settlement Class members seeking to be excluded from the Class Settlement exceeds 500, and should PCNA so elect, this Settlement Agreement shall be null and void and have no further force and effect with respect to any of the Parties in the Action.  In the event of termination, the Settlement Agreement may not be offered in evidence or used in any litigation (including this Action) for any purpose, including the existence, certification, or maintenance of any purported class.

73.     The canceling and terminating Party may make such election only by furnishing written notice of an intent not to proceed with the terms and conditions of this Settlement

25

Agreement to the other Party within 15 calendar days of the event forming the basis for the election to terminate. In the event of such an election, this Settlement Agreement and all negotiations, proceedings, documents, and related statements shall be without prejudice to the Parties, shall not be deemed an admission by any Party of any matter, and shall not be used for any purpose. All Parties to the Action shall stand in the same position as if this Settlement Agreement had not been negotiated, made, or filed with the Court, and without prejudice to the Parties' rights to either request or oppose class certification.

### XIII. OTHER TERMS AND CONDITIONS

74. This Settlement Agreement, and all contractual rights and obligations provided for thereinshall be construed under and governed by the laws of the State of Ohio, without giving effect to the State of Ohio's choice-of-law principles. The method of calculation and amount of attorneys' fees and expenses to be paid by PCNA to Class Counsel and service fees to Representative Class plaintiffs shall be determined by the United States District Court for the Southern District of Ohio in accordance with governing law. The Court shall retain jurisdiction over the interpretation and implementation of this Settlement Agreement, as well as any and all matters arising out of, or relating to, the interpretation or implementation of the Final Approval Order and Judgment.

75. The Parties and their counsel have negotiated and fully reviewed the terms of this Settlement Agreement. The rule that any uncertainty or ambiguity in this contract will be construed against the drafter shall not apply to the construction of this Settlement Agreement by a court of law or any other adjudicating body of this Settlement Agreement.

76. The Parties will jointly request to stay all proceedings in the Action until entry of the Final Approval Order and Judgment. The stay of proceedings shall not prevent the filing and

26

service of any motions, affidavits, and other papers necessary to obtain approval of this Settlement Agreement.

77.     Plaintiffs agree that they will fully comply with ¶ 19 of the Confidentiality Agreement and Protective Order Regarding Jurisdictional Discovery and Production (entered March 12, 2012), and within sixty (60) days after Effective Date of Settlement, shall cause persons having received Confidential Information (as that phrase is defined in the Confidentiality Agreement and Protective Order Regarding Jurisdictional Discovery and Production) to return such materials and all copies thereof to counsel for the producing party and certify that fact to counsel for the producing party.

78.     Discovery to confirm Settlement Class membership will occur in the United States and be conducted by Class Counsel of PCNA employees only.  No more than two one-day depositions and/or documents sufficient to show information available to PCNA to identify class membership is permitted.  No Interrogatories, Requests to Produce documents or Requests for Admissions will be served.

79.     Whenever, under the terms of this Settlement Agreement, a person is required to provide service or written notice to PCNA or to Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other Parties in writing:

As to Class Counsel:

Mark Landes<br>
Gregory M. Travalio<br>
Mark H. Troutman<br>
<strong>ISAAC, BRANT, LEDMAN<br>
& TEETOR, LLP</strong><br>
250 East Broad Street, Suite 900

27

Columbus, Ohio 43215

Gary Klein
Shennan Kavanagh
**KLEIN KAVANAGH COSTELLO, LLP**
85 Merrimac Street, 4th Floor
Boston, Massachusetts 02114

Adam J. Levitt
John E. Tangren
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602

Niall P. McCarthy
Justin T. Berger
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, California 94010

<u>As to PCNA:</u>

William F. Kiniry, Jr.
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103

80.     Unless otherwise indicated herein, where any Party's exercise of any right under

this Settlement Agreement requires written notice, the Party shall serve such written notice by

First-Class U.S. Mail, postage paid, or any method that is at least as reliable and timely as First-

Class U.S. Mail.

28

APPROVED AS TO FORM AND CONTENT:

Dated: _6/4_ , 2013

_____
Scott Florez
Representative Class Plaintiff

29

APPROVED AS TO FORM AND CONTENT:

Dated: 05/21/, 2013

Ghassan Daher
Representative Class Plaintiff

APPROVED AS TO FORM AND CONTENT:

Dated: _May 23_, 2013

_____
David Graas
Representative Class Plaintiff

31

APPROVED AS TO FORM AND CONTENT:

Dated: _Ce / 13_ , 2013

_____
Sean Kaider
Representative Class Plaintiff

32

APPROVED AS TO FORM AND CONTENT:

Dated: 5/29 , 2013

Nicholas Spagnoletti
Representative Class Plaintiff

33

APPROVED AS TO FORM AND CONTENT:

Dated: _S/2 9_ , 2013

Dane McIntosh
Representative Class Plaintiff

34

APPROVED AS TO FORM AND CONTENT:

Dated: _June 11_ , 2013

_____
Joseph Dudley
Representative Class Plaintiff

35

APPROVED AS TO FORM AND CONTENT:

Dated: ___5/23___, 2013

Bob Conrad
Representative Class Plaintiff

36

APPROVED AS TO FORM AND CONTENT:

Dated: 5 – 11 , 2013

Sy Duc Tran
Representative Class Plaintiff

37

APPROVED AS TO FORM AND CONTENT:

Dated: May 13th, 2013

Sven Wust
Representative Class Plaintiff

APPROVED AS TO FORM AND CONTENT:

Dated: May 10 , 2013

_____
Kevin Starkey
Representative Class Plaintiff

39

APPROVED AS TO FORM AND CONTENT:

Dated: 6/4 , 2013                        

                  Gregory Cadman
                  Representative Class Plaintiff

40

APPROVED AS TO FORM AND CONTENT:

Dated: May 23, 2013

Ecliff Jackman
Representative Class Plaintiff

41

APPROVED AS TO FORM AND CONTENT:

Dated: _5 ~ 10_____, 2013

Deana Crawford
Representative Class Plaintiff

Dated: 5/16 , 2013

Jamie Hoffecker
Representative Class Plaintiff

APPROVED AS TO FORM AND CONTENT:

Dated: MAY 20, 2013

Richard Gorospe
Representative Class Plaintiff

44

APPROVED AS TO FORM AND CONTENT:

Dated: ___5/1__ , 2013

_____
Lance Bredefeld
Representative Class Plaintiff

APPROVED AS TO FORM AND CONTENT:

Dated:_____June 7____, 2013

_____
Randall Stuewe
Representative Class Plaintiff

46

APPROVED AS TO FORM AND CONTENT:

Dated: 6/03, 2013

_____

Daniel Delgado
Representative Class Plaintiff

47

APPROVED AS TO FORM AND CONTENT:

Dated:  6/7       , 2013

                                          Anthony Gardner
                                          Representative Class Plaintiff

48

APPROVED AS TO FORM AND CONTENT:

Dated: July 2, 2013

_____

Joseph Folz
General Counsel and Secretary for Defendant
Porsche Cars North America, Inc.

Dated: July __, 2013

_____

Michael Bartsch
Chief Operating Officer for Defendant Porsche Cars
North America, Inc.

49

Dated: June 12, 2013

**ISAAC, BRANT, LEDMAN & TEETOR, LLP**

By: _____
    Gregory M. Travalio
    Attorneys for Representative Class Plaintiffs

Dated: _____, 2013

**KLEIN KAVANAGH COSTELLO, LLP**

By: _____
    Shennan Kavanagh
    Attorneys for Representative Class Plaintiffs

Dated: _____, 2013

**GRANT & EISENHOFFER P.A.**

By: _____
    Adam J. Levitt
    Attorneys for Representative Class Plaintiffs

Dated: _____, 2013

**COTCHETT, PITRE & McCARTHY, LLP**

By: _____
    Niall P. McCarthy
    Attorneys for Representative Class Plaintiffs

Dated: _____, 2013

**DLA PIPER LLP (US)**

By: _____
    William F. Kiniry, Jr.
    Attorneys for Defendant
    Porsche Cars North America, Inc.

Dated:_____, 2013          **ISAAC, BRANT, LEDMAN & TEETOR, LLP**

                                   By:_____
                                       Gregory M. Travalio
                                       Attorneys for Representative Class Plaintiffs

Dated: June 14 , 2013              **KLEIN KAVANAGH COSTELLO, LLP**

                                   By:_____
                                       Shennan Kavanagh
                                       Attorneys for Representative Class Plaintiffs

Dated:_____, 2013          **GRANT & EISENHOFFER P.A.**

                                   By:_____
                                       Adam J. Levitt
                                       Attorneys for Representative Class Plaintiffs

Dated:_____, 2013          **COTCHETT, PITRE & McCARTHY, LLP**

                                   By:_____
                                       Niall P. McCarthy
                                       Attorneys for Representative Class Plaintiffs

Dated:_____, 2013          **DLA PIPER LLP (US)**

                                   By:_____
                                       William F. Kiniry, Jr.
                                       Attorneys for Defendant
                                       Porsche Cars North America, Inc.

50

Dated:_____, 2013                 **ISAAC, BRANT, LEDMAN & TEETOR, LLP**

                                          By:_____
                                              Gregory M. Travalio
                                              Attorneys for Representative Class Plaintiffs

Dated:_____, 2013                 **KLEIN KAVANAGH COSTELLO, LLP**

                                          By:_____
                                              Shennan Kavanagh
                                              Attorneys for Representative Class Plaintiffs

Dated:_____, 2013                 **GRANT & EISENHOFFER P.A.**

                                          By:_____
                                              Adam J. Levitt
                                              Attorneys for Representative Class Plaintiffs

                                          **COTCHETT, PITRE & McCARTHY, LLP**

Dated:_____, 2013

                                          By:_____
                                              Niall P. McCarthy
                                              Attorneys for Representative Class Plaintiffs

Dated:_____, 2013                 **DLA PIPER LLP (US)**

                                          By:_____
                                              William F. Kiniry, Jr.
                                              Attorneys for Defendant
                                              Porsche Cars North America, Inc.

Case: 2:11-md-02233-GLF-EPD Doc #: 134 Filed: 07/26/13 Page: 53 of 54  PAGEID #: 3564

Dated:_____, 2013    **ISAAC, BRANT, LEDMAN & TEETOR, LLP**

By:_____
     Gregory M. Travalio
     Attorneys for Representative Class Plaintiffs


Dated:_____, 2013    **KLEIN KAVANAGH COSTELLO, LLP**

By:_____
     Shennan Kavanagh
     Attorneys for Representative Class Plaintiffs


Dated:_____, 2013    **GRANT & EISENHOFFER P.A.**

By:_____
     Adam J. Levitt
     Attorneys for Representative Class Plaintiffs


Dated: 6/11/13 , 2013    **COTCHETT, PITRE & McCARTHY, LLP**

By:_____
     Niall P. McCarthy
     Attorneys for Representative Class Plaintiffs


Dated:_____, 2013    **DLA PIPER LLP (US)**

By:_____
     William F. Kiniry, Jr.
     Attorneys for Defendant
     Porsche Cars North America, Inc.

50

Dated:_____, 2013          **ISAAC, BRANT, LEDMAN & TEETOR, LLP**

By:_____

Gregory M. Travalio
Attorneys for Representative Class Plaintiffs

Dated:_____, 2013          **KLEIN KAVANAGH COSTELLO, LLP**

By:_____

Shennan Kavanagh
Attorneys for Representative Class Plaintiffs

Dated:_____, 2013          **GRANT & EISENHOFFER P.A.**

By:_____

Adam J. Levitt
Attorneys for Representative Class Plaintiffs

Dated:_____, 2013          **COTCHETT, PITRE & McCARTHY, LLP**

By:_____

Niall P. McCarthy
Attorneys for Representative Class Plaintiffs

Dated: 7/3, 2013          **DLA PIPER LLP (US)**

By:_____

William F. Kiniry, Jr.
Attorneys for Defendant
Porsche Cars North America, Inc.