## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO

In Re: Porsche Cars North America, Inc. Plastic
Coolant Tubes Products Liability Litigation     Case No. : 2:11-MD-2233

### OBJECTION TO PROPOSED SETTLEMENT

The undersigned, Steven B. Nagler ("Nagler"), pursuant to Rule 23(e)(5) of the Federal

Rules of Civil Procedure, hereby notifies the Court and all parties of his objection to the

proposed settlement regarding the above captioned class action against Porsche Cars of North

America, Inc. ("Porsche"). The allegations and the basis of Nagler's objection is set forth below:

1.    Nagler received a copy of the Notice of the Pendency of Class Action Settlement and

Hearing on Final Approval Order and Judgment (the "Notice") in December, 2013. Nagler is a

class member, having purchased a 2006 Porsche Cayenne S (the "Car") new in 2007. The car

has been driven approximately 35,000 mile. Nagler states that:

      i.    His current address is 190 Pine Point Drive, Highland Park, Illinois;
      ii.    Class Vehicle, 2006 Porsche Cayenne S, VIN WP1AB29P46LA68995, purchased from The Porsche Exchange, Highland Park, IL, a Porsche dealership;
      iii.    He is a current owner;
      iv.    Delivery date, January 31, 2007;
      v.    Reasons why objecting—see below;
      vi.    None.

2.    Nagler immediately contacted Porsche at the telephone number provided in the

Notice to determine what benefits he would be receiving under the proposed settlement. Nagler

was advised by a Porsche representative that he would be entitled to a $1,500 benefit payment

under the settlement if he took the car to a Porsche dealer for the repairs and the dealer order the

necessary parts from Porsche.

3. Nagler took the Car to a local Porsche dealership, The Porsche Exchange, Highland Park, Illinois, in to have it inspected as required by the Notice. While there, Nagler was told that the total cost of the repairs would be approximately $3,000, $1,500 more than the benefit he would receive under the settlement.

4. Nagler also called two other local Porsche dealerships, Loeber Motors, in Lincolnwood, Illinois, and Motor Werks, in Barrington, Illinois, and was told that the repairs would be approximately $3,000. All three dealerships refused to make the repairs and supply the parts for the amount proposed under the settlement.

5. Nagler also took the Car to a local non-Porsche dealership repair facility and was told that the repairs would cost approximately $1,800, including the parts ordered from Porsche (original equipment) which would cost approximately $600.

6. After reading the Notice and other materials, it appears that this is NOT normal maintenance situation. It is a FACTORY DEFECT that has gone unattended and should have been the subject of a factory recall. It has been alleged in this suit that defective plastic hoses were used by Porsche in the original manufacturing process can deteriorate causing serious and substantial damage to the engine and other compartment of the car. If, in fact the defective hoses are a factory defect, Porsche would and should be responsible for the full cost of repairs.

7. This settlement does not afford any benefit to the class members. The settlement parameter do not adequately recompense the owners of the covered vehicles for the required repairs. The settlement proposal provides that payments will only be made if the repairs are made by an authorized Porsche dealership and provides, further, that the dealership gets any

-2-

required parts necessary for the repair from Porsche directly. The total cost of these repair costs, if done by a Porsche dealership, far exceed the amount that the repairs could be done for if an independent repair facility was used. It appears that the settlement does nothing more than provide a vehicle for the Porsche dealership and for Porsche itself to making money or at the least, recoup some of the costs of this settlement.

8.    Federal Rule of Civil Procedure 23(e) requires court approval of any settlement that effects the dismissal of a class action. Before such a settlement may be approved, the district court must determine that a class action settlement is fair, adequate, and reasonable, and not a product of collusion. See, *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995); *Grant v. Bethlehem Steel Corp.*, 823 F.2d 20, 22 (2d Cir. 1987); Seealso, *Weinberger v. Kendrick*, 661, 73 (2d Cir.1982); *In re PaineWebber Ltd. Partnerships Litig.*, 171 F.R.D. 104, 124 (S.D.N.Y.1997).

9.    The court has an obligation to ensure that class members' interests have been protected *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977). The Court must decide whether the proposed settlement itself is fair to settling parties and relevant third parties. See Fed. R. Civ. P. 23(e). As a general rule the Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties. The overall focus of the determination of the fairness, adequacy and reasonableness of the settlement should be on the terms of the settlement itself. The factors tending to reveal the fairness of a settlement are those which indicate the presence or absence of collusion among the parties. Because of the danger of counsel's compromising a suit for an inadequate amount for the sake of insuring a fee, the court is obligated to ascertain the settlement was reached as a result of good-faith bargaining at arm's

length.

10.    Further,  good-faith of the parties is determined and reflected in such factors as whether one party may unduly receive a benefit to the detriment of the other party.  In this case, the class members are not receiving a full benefit as they are required to pay an excessive amount for the repairs by being required to take the vehicle to a Porsche dealership, which dealerships charge more to make the repairs than  independent repair facilities. Further, Porsche itself will recoup a portion of the settlement payments by requiring that the necessary parts be purchased from itself and presumably making money on these sales.

11.    Therefore, the proposed settlement does not meet the requirement of determination of fairness, adequacy and reasonableness because the settlement requires that a class member take the vehicle to a Porsche dealership and purchase the required parts from Porsche itself, all at a greater cost than if an independent repair facility was used.  As Porsche, which has control or substantial influence over its dealership,  is unwilling to either make an additional payment to cover the excessive costs or have their dealerships do the required repairs, including parts, for the amount of the payment being proposed to be made to the class members, the settlement does not meet these fairness, adequacy and reasonableness required for approval by this Court.

WHEREFORE, Nagler respectfully requests that this Court reject the proposed settlement and find that said settlement does not meet the requirements of being fair, adequate and reasonable and such other relief as the Court deems to be fair and reasonable.

Respectfully submitted,
Steven B. Nagler, class member

Steven B. Nagler

-4-

Steven B. Nagler, Ltd.
601 Skokie Blvd., Suite 504
Northbrook, IL 60062
(847) 562-0246
(847) 559-8860